# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAREK LATHAN,

           Plaintiff,    :    Case No. 3:22-CV-1883

                                    District Judge Thomas M. Rose
- vs -                          Magistrate Judge Michael R. Merz

JAMES G. CARR,

           Defendant.    :

## REPORT AND RECOMMENDATION

On February 10, 2023, on motion of the Defendant and for good cause shown, the undersigned ordered Plaintiff to comply by February 28, 2023, with the two conditions imposed on him in Case No. 3:21-cv-2069, to wit, that he (1) "pay the full filing fee for those complaints filed in state court that the federal government removes to federal court;" and (2) "move for and receive leave of court prior to being allowed to proceed as a *pro se* plaintiff for any case he files in district court and/or that the federal government removes to this court[.]" (ECF No. 9).

Plaintiff has not complied with those conditions. Instead, he filed two documents on February 27, 2023, which will be discussed in turn below.

1

**Affidavit for Leave to Proceed "Pro Se" and "In Forma Pauperis"  (ECF No. 10)**

In the first of these documents, Plaintiff claims that "pursuant to the Supremacy Clause," Defendant's removal of this action to this Court is a violation of the Tenth Amendment because Defendant was disqualified under 28 U.S.C. § 455 from presiding over a prior case of the Plaintiff's in 2019.  Plaintiff proceeds to argue Defendant's recusal at some length, asserting without citation of authority that his disqualification deprives him of immunity.  Whether or not that is the case can be argued here once Plaintiff has met the threshold conditions on his proceeding at all, which he has not done.  Plaintiff claims "all fees were paid in state court." (ECF No. 10, PageID 149).  No proof of that statement is provided.

**Purported Promissory Note (ECF No. 11)**

The second document is labeled "Affidavit for Promissory Note" but is in fact not a promissory note within the meaning and intendment of the Uniform Commercial Code.  Even a valid promissory note would not satisfy the conditions imposed on Plaintiff by the prior court order.

**Second Condition**

Plaintiff has neither moved for nor received permission to proceed *pro se* in this matter.

**Conclusion**

Plaintiff having failed to comply with either of the conditions ordered by this Court, the Magistrate Judge respectfully recommends that this case be dismissed with prejudice.

2

March 9, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
